People v Fisher (2020 NY Slip Op 01669)





People v Fisher


2020 NY Slip Op 01669


Decided on March 12, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 12, 2020

109668 109669

[*1]The People of the State of New York, Respondent,
v
Brandon P. Fisher, Appellant.

Calendar Date: February 7, 2020

Before: Garry, P.J., Lynch, Clark, Aarons and Colangelo, JJ.


Martin J. McGuinness, Saratoga Springs, for appellant.
Karen A. Heggen, District Attorney, Ballston Spa (Gordon Eddy of counsel), for respondent.



Appeals (1) from a judgment of the County Court of Saratoga County (Murphy III, J.), rendered September 30, 2016, convicting defendant upon his plea of guilty of the crimes of assault in the first degree, assault in the second degree (three counts) and criminal possession of a weapon in the fourth degree, and (2) from a judgment of said court, rendered January 25, 2017, which resentenced defendant upon his conviction of one count of assault in the second degree.
On February 15, 2015, defendant, then 20 years old, was at home with his parents when he brutally assaulted his father with a baseball bat as he lay in bed, causing severe injuries, including fractures to his face and skull and the loss of an eye. Defendant also struck his mother as he exited the bedroom, causing injuries, including a fractured arm. Defendant fled and was later apprehended and charged in a four-count indictment with assault in the first degree, two counts of assault in the second degree and criminal possession of a weapon in the fourth degree (hereinafter the first indictment). While in jail, defendant was charged by indictment with assault in the second degree stemming from his conduct in kicking another inmate, which was captured on a video (hereinafter the second indictment).
After extensive plea negotiations, defendant rejected the People's final plea offer, which came with a total promised prison sentence of 13½ years. Defendant thereafter pleaded guilty to all counts in both indictments, in exchange for County Court's promise, with regard to the first indictment, to impose a prison sentence of no less than five years and no more than 10 years, to be followed by a period of postrelease supervision.[FN1] No promise was made as to sentencing on the second indictment, although the court indicated that it would entertain arguments that the sentences on the indictments should run concurrently rather than consecutively (see Penal Law § 70.25 [2], [5] [b], [c]). After a lengthy sentencing hearing that spanned three days, County Court imposed various concurrent terms of imprisonment on the first indictment, the maximum of which was a term of 10 years with five years of postrelease supervision on the top count, assault in the first degree. On the second indictment, the court imposed a prison term of three years, as later corrected,[FN2] to be followed by a period of postrelease supervision of 1½ years, to be served concurrently with the prison sentences imposed under the first indictment. Defendant appeals from both judgments.
Defendant's sole contention on appeal is that the aggregate 10-year sentence imposed is harsh and excessive in light of the many mitigating factors regarding his background. Initially, we note that the aggregate prison sentence imposed was appreciably less than the maximum permissible prison sentence of 25 years that could have been imposed on the top count, a class B violent felony (see Penal Law §§ 70.02 [1] [a]; [3] [a]; 120.10 [1]), and reflected a measure of leniency in forgoing consecutive sentences for separate assaults on three victims (see Penal Law § 70.25 [2], [5] [b], [c]). The record demonstrates that County Court expressly and fully considered the extensive testimony and evidence adduced at the sentencing hearing regarding, among other mitigating factors, defendant's mental health history and hospitalizations, his developmental disabilities and diagnoses and their impact on his behavior, and his other health problems. Also considered in depth were the corroborated history of emotional and physical abuse that defendant and other family members suffered at the hands of the father, defendant's youth and his lack of any criminal history. The court weighed that mitigating evidence against the violent nature of the assaults, the gravity of the injuries and defendant's manipulative conduct after the attack on his parents. From this evidence, the court made its firsthand assessment that, notwithstanding the considerable mitigating factors, defendant "continues to present a danger to other people."
We find that County Court exhaustively considered all of the factors relevant to sentencing (see People v Farrar, 52 NY2d 302, 305-306 [1981]; People v Gilmore, 177 AD3d 1029, 1029-1030 [2019]). Further, the troubling mitigating facts are reflected in the court's willingness to impose an aggregate sentence well below the maximum, consecutive sentences permitted (see Penal Law § 70.25 [2], [5] [b]). Under these circumstances, and after careful review, we cannot conclude that the court abused its discretion or that extraordinary circumstances are present to warrant a reduction of the sentences in the interest of justice (see CPL 470.15 [3] [c]; [6] [b]).
Garry, P.J., Lynch, Clark, Aarons and Colangelo, JJ., concur.
ORDERED that the judgments are affirmed.



Footnotes

Footnote 1: Defendant admitted the charged conduct as to all counts of both indictments with the exception of count 3 of the first indictment, to which defendant entered an Alford plea (see North Carolina v Alford, 400 US 25 [1970]).

Footnote 2: County Court originally sentenced defendant under the second indictment to a prison term of three years followed by an impermissible one-year period of postrelease supervision, which was later corrected at a resentencing on January 25, 2017.