People v Riley (2023 NY Slip Op 05645)

People v Riley

2023 NY Slip Op 05645

Decided on November 9, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 9, 2023

CR-23-0062
[*1]The People of the State of New York, Respondent,
v
Holly Riley, Appellant.

Calendar Date:October 13, 2023

Before:Egan Jr., J.P., Clark, Ceresia, McShan and Powers, JJ.

Steven M. Sharp, Albany, for appellant.
J. Anthony Jordan, District Attorney, Fort Edward (Taylor R. Fitzsimmons of counsel), for respondent.

Powers, J.
Appeal, by permission, from an order of the County Court of Washington County (Kelly S. McKeighan, J.), entered December 30, 2022, which denied defendant's motion pursuant to CPL 440.20 to set aside the sentence, after a hearing.
Defendant was charged in a two-count indictment with assault in the second degree and endangering the welfare of child after it was discovered that she had hit and caused injury to her then three-year-old son (hereinafter the victim). In satisfaction of the indictment, she pleaded guilty to assault in the second degree in exchange for an agreed-upon sentence of three years in prison and five years of postrelease supervision. Defendant was thereafter sentenced, as a second felony offender, pursuant to the terms of the plea agreement. Defendant subsequently moved to, among other things, vacate the sentence pursuant to CPL 440.20, asserting the ineffective assistance of counsel. County Court denied the motion following a hearing, and this appeal ensued.
We affirm. Defendant's sole contention on appeal is that County Court erred in not granting her motion to set aside her sentence, arguing that she was denied the effective assistance of counsel by her trial counsel's failure to seek a lesser sentence pursuant to Penal Law § 60.12. Initially, "[a] defendant is not denied effective assistance of trial counsel merely because counsel does not make a motion or argument that has little or no chance of success" (People v Stultz, 2 NY3d 277, 287 [2004]; accord People v Jones, 161 AD3d 1311, 1313 [3d Dept 2018], lv denied 31 NY3d 1118 [2018]). Pertinent here, the recently-enacted Domestic Violence Survivors Justice Act (the DVSJA) (Penal Law § 60.12, as amended by L 2019, ch 31, § 1; L 2019, ch 55, part WW, § 1), which amended Penal Law § 60.12, permits courts to impose less severe sentences upon certain defendants who are victims of domestic violence. In this regard, Penal Law § 60.12 (1) permits a court to apply an alternative sentencing scheme where it determines, following a hearing, that, "(a) at the time of the instant offense, the defendant was a victim of domestic violence subjected to substantial physical, sexual or psychological abuse inflicted by a member of the same family or household[,]" "(b) such abuse was a significant contributing factor to the defendant's criminal behavior . . . [and] (c) having regard for the nature and circumstances of the crime and the history, character and condition of the defendant, that a sentence of imprisonment pursuant to [Penal Law §§ 70.00, 70.02, 70.06 or 70.71 (2) or (3)] would be unduly harsh."
It is undisputed that defendant was previously subjected to substantial physical abuse by the victim's father prior to his arrest and subsequent incarceration, roughly 16 months prior to defendant's criminal conduct. Even assuming, without deciding, that defendant had thereafter been subjected to ongoing substantial psychological abuse by the victim's father through written and telephone communication (see generally People v Williams, 198 AD3d 466, 466-467 [1st Dept 2021], lv denied 37 NY3d 1165 [2022]), we agree with County Court that she failed to demonstrate that the abuse was a significant contributing factor to her underlying criminal behavior against the victim. At the motion hearing, defendant testified repeatedly that she hit the three-year-old victim with her "fist" and a book because he "refused to take a nap." Defendant further admitted that she hit the victim because he was crying, wanted his father and misbehaved in a way that "reminded" her of the victim's father. Although she attempted to explain her actions by stating that it was contact with the father that had caused the victim to misbehave, we agree with County Court that defendant's admissions reflect that her actions in repeatedly hitting and injuring the young child were motivated by her frustration with his behavior. Notably, a case report in the record reflects that this was not an isolated incident, as a medical examination of the victim revealed multiple bruises and injuries in varying stages of healing that were "not typical for accidental injury or normal play." As defendant thus failed to demonstrate that any prior or ongoing abuse was a significant contributing factor to her assault upon the victim, she is not eligible for a lesser sentence pursuant to Penal Law § 60.12 (see Penal Law § 60.12 [1] [b]; People v Vilella, 213 AD3d 1282, 1283 [4th Dept 2023], lv denied 39 NY3d 1157 [2023]; compare People v Addimando, 197 AD3d 106, 115-118 [2d Dept 2021]). Accordingly, we need not reach her arguments concerning the remaining statutory prerequisites for such alternative sentencing (see People v Williams, 198 AD3d at 467).
Under these circumstances, trial counsel cannot be faulted for failing to seek a sentence pursuant to Penal Law § 60.12 and, accordingly, defendant's motion to set aside the sentence upon this basis was properly denied (see People v Caban, 5 NY3d 143, 152 [2005]; People v LaPierre, 195 AD3d 1301, 1307 [3d Dept 2021]; People v Jones, 161 AD3d at 1314). We nevertheless note that the plea agreement negotiated by trial counsel achieved a sentence that is within the alternative sentencing range outlined in Penal Law § 60.12, even had defendant demonstrated her eligibility for such treatment (see Penal Law § 60.12 [8] [c]).
Egan Jr., J.P., Clark, Ceresia and McShan, JJ., concur.
ORDERED that the order is affirmed.