People v Fisher (2023 NY Slip Op 05764)

People v Fisher

2023 NY Slip Op 05764

Decided on November 16, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 16, 2023

113554
[*1]The People of the State of New York, Respondent,
v
Brandon P. Fisher, Appellant.

Calendar Date:October 11, 2023

Before:Clark, J.P., Aarons, Reynolds Fitzgerald, Fisher and McShan, JJ.

Theresa M. Suozzi, Saratoga Springs, for appellant.
Karen A. Heggen, District Attorney, Ballston Spa (John B. Latella III of counsel), for respondent.

Aarons, J.
Appeal from an order of the County Court of Saratoga County (Chad W. Brown, J.), entered June 29, 2022, which denied defendant's motion for resentencing pursuant to CPL 440.47, after a hearing.
In 2015, defendant, then 20 years old, attacked her father with a baseball bat as he was lying in bed, resulting in fractures to his face and skull and the loss of an eye, among other injuries.[FN1] Upon fleeing the bedroom, defendant encountered and attacked her mother, causing multiple injuries and fracturing her arm. Defendant was thereafter charged in a four-count indictment with assault in the first degree, two counts of assault in the second degree and criminal possession of a weapon in the fourth degree. While in jail, defendant was charged by a separate indictment with assault in the second degree stemming from her conduct in kicking another incarcerated individual. Defendant thereafter pleaded guilty to all counts in both indictments in exchange for a promise by County Court (Murphy III, J.) as to sentencing on the first indictment.[FN2] Following a three-day sentencing hearing, and consistent with the terms of the plea, defendant was sentenced to a prison term of 10 years on her assault in the first degree conviction, to be followed by five years of postrelease supervision, and to lesser concurrent sentences on her remaining convictions. Defendant challenged the severity of the sentence upon direct appeal, and this Court affirmed (People v Fisher, 181 AD3d 1051, 1052-1053 [3d Dept 2020]). In 2021, defendant filed an application for resentencing pursuant to the Domestic Violence Survivors Justice Act (hereinafter the DVSJA) (see CPL 440.47; Penal Law § 60.12, as amended by L 2019, ch 31, § 1; L 2019, ch 55, part WW, § 1). Following a hearing, County Court (Brown, J.) denied defendant's motion, and this appeal ensued (see CPL 440.47 [3]).
The DVSJA, without diminishing the gravity of an offense, permits courts to impose alternative, less severe sentences in certain cases involving defendants who are victims of domestic violence (see CPL 440.47 [1] [a]; [2] [c]; see also Penal Law § 60.12 [1]). Where a defendant meets certain threshold eligibility requirements based upon, among other things, evidence of having been subjected to domestic violence, such defendant may apply for resentencing (see CPL 440.47 [1], [2]). If an applicant complies with the requirements of CPL 440.47 (2) (c), a "court shall conduct a hearing to aid in making its determination of whether the applicant should be resentenced in accordance with [Penal Law § 60.12]" (CPL 440.47 [2] [e]). Pursuant to Penal Law § 60.12 (1), a court may apply an alternative sentencing scheme where it determines, following a hearing, that, "(a) at the time of the instant offense, the defendant was a victim of domestic violence subjected to substantial physical, sexual or psychological abuse inflicted by a member of the same family or household[,]" "(b) such abuse was a significant contributing factor to the [*2]defendant's criminal behavior . . . [and] (c) having regard for the nature and circumstances of the crime and the history, character and condition of the defendant, that a sentence of imprisonment pursuant to [Penal Law §§ 70.00, 70.02, 70.06 or 70.71 (2) or (3)] would be unduly harsh." "Reliable hearsay shall be admissible at such hearings" (CPL 440.47 [2] [e]; see Penal Law § 60.12 [1]).
In support of her application, defendant relied upon her own sworn affidavit, as well as the presentence report and the psychological evaluation that had been previously conducted in preparation for sentencing. Taken together, this evidence corroborated defendant's allegations that she had been subjected to substantial physical and psychological abuse by her father. Notwithstanding these troubling circumstances, defendant stated in her sworn affidavit that, although her father remained "cold" and there was "occasional verbal bullying," her father's abuse had essentially stopped by her early teenage years. Significantly, in her affidavit, defendant did not allege that abuse had occurred at or near the time of her attack upon her parents. Rather, defendant admitted to having attempted to "blackmail" her father with evidence of his marital infidelity prior to the incident and that, when this attempt failed, she "couldn't bury or control the pain and emotions any longer" and "confronted him." Sworn statements to police given by defendant's sister and a close friend similarly indicate that defendant's violent attack upon her parents was fueled by her increasing anger over her father's extramarital affairs. The record further reflects that defendant messaged friends on social media following the attack, explaining that she had confronted her father about his infidelity and "attacked him in a blind fury rage[,]" and then "turned on [her mother]" when she attempted to intervene.
In view of the foregoing, the record supports County Court's finding that defendant failed to demonstrate that she was subjected to substantial abuse "at the time of the instant offense" or that the abuse she had previously suffered was a "significant contributing factor" to her criminal behavior (Penal Law § 60.12 [1] [a]; see People v Williams, 198 AD3d 466, 466-467 [1st Dept 2021], lv denied 37 NY3d 1165 [2022]; compare People v Addimando, 197 AD3d 106, 115-118 [2d Dept 2021]). Contrary to defendant's contention, although nothing in the DVSJA requires a finding that the abuse and the offense occur contemporaneously, the statutory language requiring that the abuse occur "at the time of the instant offense" would be rendered meaningless unless it created a requirement that a temporal nexus exist between the abuse and the offense (see People v Williams, 198 AD3d at 466-467). Moreover, in view of the horrific nature and the circumstances surrounding defendant's conduct, despite her health conditions and history of abuse, the sentence of imprisonment, which was within the standard statutory sentencing [*3]range, is not "unduly harsh" (Penal Law § 60.12 [1] [c]; see People v Fisher, 181 AD3d at 1053). Accordingly, the court did not err in denying defendant's application for resentencing pursuant to CPL 440.47.
Clark, J.P., Reynolds Fitzgerald, Fisher and McShan, JJ., concur.
ORDERED that the order is affirmed.

Footnotes

Footnote 1: In correspondence submitted to this Court, defense counsel confirmed that defendant uses the pronouns she/her/hers.

Footnote 2: Defendant entered an Alford plea as to count 3 of the first indictment (see North Carolina v Alford, 400 US 25 [1970]).