People v White (2024 NY Slip Op 02215)

People v White

2024 NY Slip Op 02215

Decided on April 24, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 24, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
LARA J. GENOVESI
JANICE A. TAYLOR, JJ.

2022-06287
 (Ind. No. 1596/06)

[*1]The People of the State of New York, respondent,
v
John White, appellant.

Marianne Karas, Thornwood, NY, for appellant.
Anne T. Donnelly, District Attorney, Mineola, NY (Sarah S. Rabinowitz and Barbara Kornblau of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Nassau County (Tammy Robbins, J.), entered June 28, 2022, which denied, without a hearing, his motion pursuant to CPL 440.47 to vacate his sentence and to be resentenced in accordance with Penal Law § 60.12.
ORDERED that the order is modified, on the law and in the exercise of discretion, by adding a provision thereto providing that the denial of the defendant's motion pursuant to CPL 440.47 to vacate his sentence and to be resentenced in accordance with Penal Law § 60.12 is without prejudice; as so modified, the order is affirmed.
In 2008, the defendant was convicted of murder in the second degree, attempted robbery in the first degree, and attempted robbery in the second degree, upon a jury verdict. On June 6, 2008, the defendant was sentenced to an indeterminate term of imprisonment of 25 years to life on the conviction of murder in the second degree, a determinate term of imprisonment of 15 years plus 5 years of postrelease supervision on the conviction of attempted robbery in the first degree, and a determinate term of imprisonment of 7 years plus 5 years of postrelease supervision on the conviction of attempted robbery in the second degree, with the sentences imposed to run concurrently with each other. In May 2022, the defendant moved pursuant to CPL 440.47 to vacate his sentence and to be resentenced in accordance with Penal Law § 60.12. The defendant alleged that when he was four or five years old, he was a victim of domestic violence, wherein he was subjected to sexual abuse by an uncle, and that this abuse was a significant contributing factor in his participation in the subject crimes. The Supreme Court denied the defendant's motion without a hearing, finding that the defendant failed to submit evidence corroborating his allegations as required by CPL 440.47(2)(c). The defendant appeals.
Provided that the defendant meets certain threshold eligibility requirements pertaining to, inter alia, the length of incarceration and the type of offense (see id. § 440.47[1][a]), a defendant may move for resentencing in accordance with Penal Law § 60.12 (see CPL 440.47[1][c]). The motion itself, however, must make a preliminary evidentiary showing consisting of "at least two pieces of evidence corroborating the applicant's claim that he or she was, at the time of the offense, a victim of domestic violence subjected to substantial physical, sexual or psychological abuse inflicted by a member of the same family or household as the applicant as such term is defined in [*2][CPL 530.11(1)]" (id. § 440.47[2][c]). Furthermore, "[a]t least one piece of evidence must be either a court record, pre-sentence report, social services record, hospital record, sworn statement from a witness to the domestic violence, law enforcement record, domestic incident report, or order of protection" (id.).
Here, the defendant's evidence in support of his motion included notarized letters from his mother and grandmother, which offered only vague allegations of an incident of abuse, provided no details about that incident, and provided no timeline as to the incident. The defendant additionally submitted in support of his motion a 2007 presentencing report, certain records from the New York State Office of Children and Family Services, and a scholarly article concerning the relationship between childhood trauma and involvement in the justice system, none of which established or even implied that the defendant was subjected to sexual abuse. Collectively, this evidence failed to corroborate the defendant's allegations that, at the time of the offense, he was a victim of domestic violence subjected to sexual abuse (see People v Fisher, 221 AD3d 1195; People v Williams, 198 AD3d 466) or that the alleged abuse was a significant contributing factor to the offense (see People v Riley, 221 AD3d 1162).
As the defendant failed to meet his burden pursuant to CPL 440.47(2)(c), the Supreme Court was not required to hold a hearing before denying the motion. Accordingly, the court properly denied the defendant's motion, but the motion should have been denied without prejudice (see id. § 440.47[2][d]).
The defendant's remaining contentions are without merit.
DILLON, J.P., CHAMBERS, GENOVESI and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court