People v Krista M.G. (2024 NY Slip Op 03265)

People v Krista M. G.

2024 NY Slip Op 03265

Decided on June 14, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 14, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, OGDEN, NOWAK, AND DELCONTE, JJ.

278 KA 22-00412

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
KRISTA M. G., DEFENDANT-APPELLANT. 

TODD G. MONAHAN, LITTLE FALLS, FOR DEFENDANT-APPELLANT.
KRISTYNA S. MILLS, DISTRICT ATTORNEY, WATERTOWN (MORGAN R. MAYER OF COUNSEL), FOR RESPONDENT. 

 Appeal from an order of the Jefferson County Court (David A. Renzi, J.), entered January 4, 2022. The order denied the application of defendant for resentencing. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from an order that denied her application for resentencing pursuant to the Domestic Violence Survivors Justice Act (DVSJA) (see CPL 440.47; Penal Law § 60.12, as amended by L 2019, ch 31, § 1; L 2019, ch 55, part WW, § 1). Defendant contends that County Court (Renzi, J.) erred in determining that she failed to meet her burden of proof and, in the alternative, that she was deprived of effective assistance of counsel by the attorney who represented her at the resentencing hearing. We affirm.
Defendant killed her boyfriend by stabbing him in the chest with a 12-inch steak knife. The jury acquitted defendant of murder in the second degree but found her guilty of the lesser included offense of manslaughter in the first degree (Penal Law § 125.20 [1]), among other offenses. County Court (Martusewicz, J.) sentenced defendant to a determinate term of imprisonment of 24 years plus five years of postrelease supervision for manslaughter in the first degree.
In affirming the judgment, we rejected defendant's contention that the People failed to disprove her justification defense beyond a reasonable doubt (People v Krista G., 113 AD3d 1083, 1083-1084 [4th Dept 2014]). We noted that, "[a]lthough defendant told the police that the victim was about to strike her with a 'hammer fist' when she stabbed him . . . , [she] conceded during her grand jury testimony, which was admitted in evidence at trial, that she told at least five fellow inmates in jail that the victim was so drunk on the night in question that he could barely stand but that she was nevertheless going to pursue a strategy of self-defense" (id.). We further noted that defendant "testified before the grand jury that, although she told the police that she stabbed the victim in self-defense, the victim essentially stabbed himself by pushing her hand toward his chest" (id. at 1084).
After having served approximately 10 years of her sentence, defendant requested permission from the court to apply for resentencing pursuant to the DVSJA, which amended Penal Law § 60.12 to grant courts discretion to impose less severe sentences on certain defendants who were victims of domestic violence at the time of their crimes. The court granted defendant's request, determining that she met the eligibility requirements for an alternative sentence under section 60.12 (see CPL 440.47 [1] [a]). The court therefore assigned counsel to represent defendant (see CPL 440.47 [1] [c]). Defendant submitted evidence pursuant to CPL 440.47 (2) (c) and the court thereafter conducted a hearing pursuant to CPL 440.47 (2) (e). 
Following the hearing, the court denied defendant's application, determining that she [*2]failed to establish by a preponderance of the evidence that she "suffered physical, sexual, or psychological abuse necessary to meet the criteria of [Penal Law] § 60.12 (1) (a) and/or that [the] alleged abuse was a significant contributing factor to her criminal behavior [under § 60.12 (1) (b)]." The court further determined that the sentence imposed upon defendant for manslaughter in the first degree is not "unduly harsh" (§ 60.12 [1] [c]).
Pursuant to Penal Law § 60.12 (1), the sentencing court may, in its discretion, apply an alternative sentence if it determines following a hearing that the defendant has established the existence of three conditions: (1) "at the time of the instant offense, the defendant was a victim of domestic violence subjected to substantial physical, sexual or psychological abuse inflicted by a member of the same family or household as the defendant"; (2) "such abuse was a significant contributing factor to the defendant's criminal behavior"; and (3) "having regard for the nature and circumstances of the crime and the history, character and condition of the defendant, . . . a sentence of imprisonment pursuant to [Penal Law §§ 70.00, 70.02, 70.06 or 70.71 (2) or (3)] would be unduly harsh" (§ 60.12 [1]; see People v Liz L., 221 AD3d 1288, 1289-1290 [3d Dept 2023]; People v T.P., 216 AD3d 1469, 1471-1472 [4th Dept 2023]).
Here, we conclude that, even assuming, arguendo, that defendant established that she was a victim of domestic violence subjected to substantial physical, sexual or psychological abuse inflicted by a member of the same family or household at the time of the killing, she did not prove by a preponderance of the evidence (see T.P., 216 AD3d at 1471-1472; People v Burns, 207 AD3d 646, 648 [2d Dept 2022]) that such abuse was a significant contributing factor to her criminal behavior against the victim (see People v Riley, 221 AD3d 1162, 1163-1164 [3d Dept 2023], lv denied 40 NY3d 1094 [2024]; People v Fisher, 221 AD3d 1195, 1197 [3d Dept 2023]). Defendant did not offer any proof during her hearing testimony or in her affirmation, which was admitted in evidence, explaining how the alleged abuse influenced her behavior against the victim on the night of the killing. The court therefore did not err in denying defendant's request for a lesser sentence pursuant to Penal Law § 60.12 (see § 60.12 [1] [b]; Riley, 221 AD3d at 1163-1164).
Defendant's challenge to the court's determination is premised largely on her contention that the testimony of a jailhouse informant was incredible as a matter of law. The evidence at the hearing included trial testimony from a jailhouse informant who testified, inter alia, that defendant, when asked by the informant whether the victim had abused her, said that the victim "did not have the power nor the strength to overcome her in any fight, and that he couldn't beat her up" because she was "much more powerful." We reject defendant's contention. The informant's testimony was not "manifestly untrue, physically impossible, contrary to experience, or self-contradictory" (People v Huff, 133 AD3d 1223, 1226 [4th Dept 2015], lv denied 27 NY3d 999 [2016] [internal quotation marks omitted]; see People v Pinkard, 191 AD3d 1333, 1334-1335 [4th Dept 2021], lv denied 36 NY3d 1123 [2021], reconsideration denied 37 NY3d 967 [2021]).
Defendant further contends that her defense counsel was ineffective in failing to elicit testimony from defendant at the hearing with respect to her "perspective on her domestic violence survivorship" and "to further develop the statements she made in her written submissions." Notably, defendant's affirmation set forth in detail her self-described history of domestic abuse, and she testified at the hearing about the rehabilitative efforts she had made while incarcerated. In the absence of any indication in the record on appeal as to what additional testimony defendant would have offered at the hearing if defense counsel had engaged in further examination, it cannot be said that defense counsel was ineffective in failing to elicit such testimony. Moreover, defendant has not demonstrated the absence of a legitimate explanation for defense counsel's allegedly deficient conduct (see generally People v Benevento, 91 NY2d 708, 712-713 [1998]). Considering the nature of the evidence against defendant and the fact that she had been convicted of perjury in the first degree, defense counsel may have reasonably believed that eliciting additional testimony from defendant would have exposed her to damaging cross-examination, and that it was a better strategy to rely on defendant's affirmation. In sum, viewing the evidence, the law, and the circumstances of this case in totality and as of the time of representation, we cannot conclude that defense counsel failed to afford defendant with meaningful representation at the resentencing hearing (see People v Susan C., 217 AD3d 1576, 1576 [4th Dept 2023], lv denied 40 NY3d 1082 [2023]; see generally People v Baldi, 54 NY2d 137, 147 [1981]).
Entered: June 14, 2024
Ann Dillon Flynn
Clerk of the Court