People v Boyd P. (2024 NY Slip Op 05608)

People v Boyd P.

2024 NY Slip Op 05608

Decided on November 14, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 14, 2024

CR-23-2347
[*1]The People of the State of New York, Respondent,
v
Boyd P., Appellant.

Calendar Date:October 15, 2024

Before:Clark, J.P., Pritzker, Lynch, Fisher and Powers, JJ.

Timothy R. Shevy, Castleton, for appellant.
Christopher Liberati-Conant, District Attorney, Hudson (Nicholas H. Rohlfing of counsel), for respondent.

Pritzker, J.
Appeal from an order of the County Court of Columbia County (Jonathan D. Nichols, J.), entered August 11, 2023, which denied defendant's motion for resentencing pursuant to CPL 440.47, after a hearing.
On August 10, 2004, defendant was awakened in the early morning hours by the cries of his four-month-old son. Unable to quiet the infant, he twice punched the baby in the head. After the second blow, he realized that the baby was injured and that the skull had moved and was not solid. When his wife awoke to the baby's cry, defendant told her that he dropped the baby but that he was fine and that she should go back to sleep. When she awoke three hours later, defendant was holding a limp baby. She asked defendant if the baby was breathing and he responded, "[W]hy wouldn't the baby be breathing?" Realizing that the child was unconscious, she called 911. The baby was hospitalized and later died due to multiple skull fractures and brain injuries caused by blunt force trauma. Defendant was charged with murder in the second degree (depraved indifference to human life) (see Penal Law § 125.25 [4]) and, following a jury trial, was convicted as charged and sentenced to a prison term of 25 years to life. In April 2022, defendant applied to be resentenced pursuant to CPL 440.47, seeking to invoke the alternative sentencing provisions of the Domestic Violence Survivors Justice Act (hereinafter DVSJA) (see CPL 440.47; Penal Law § 60.12, as amended by L 2019, ch 31, § 1; L 2019, ch 55, § 1, part WW, § 1). Following a hearing, County Court denied defendant's application for resentencing under the DVSJA. This appeal ensued.
"Considering the significant trauma suffered by victims of domestic violence," and to provide a more compassionate sentencing scheme for defendant/survivors of domestic violence even where a jury has rejected a justification defense, the DVSJA, as embodied in Penal Law § 60.12, was amended in 2019 by "the Legislature [to] permit[ ] courts to impose more lenient sentences where, except in circumstances not relevant here, such a victim commits an offense as a result of the inflicted abuse" (People v James NN., 224 AD3d 1014, 1014-1015 [3d Dept 2024], lv denied 42 NY3d 927 [2024]; see People v Angela VV., 229 AD3d 955, 956 [3d Dept 2024], lv granted 42 NY3d 951 [2024]; CPL 440.47; Penal Law § 60.12). "A defendant who has met threshold eligibility requirements, including commission of a qualifying offense and length of incarceration, among other things, may apply for resentencing in accordance with Penal Law § 60.12" (People v James NN., 224 AD3d at 1014-1015, citing CPL 440.47 [1] [a], [c]). Such an application "must include at least two pieces of evidence corroborating the applicant's claim that he or she was, at the time of the offense, a victim of domestic violence subjected to substantial physical, sexual or psychological abuse inflicted by a member of the same family or household as the applicant" (CPL 440.47 [2] [c]). The form of such evidence [*2]may vary, but "[a]t least one piece of evidence must be either a court record, [presentence] report, social services record, hospital record, sworn statement from a witness to the domestic violence, law enforcement record, domestic incident report . . . or order of protection" (CPL 440.47 [2] [c]; see People v James NN., 224 AD3d at 1015). If these evidentiary requirements are not satisfied, "the [reviewing] court shall dismiss the application without prejudice" (CPL 440.47 [2] [d]; see People v James NN., 224 AD3d at 1015).
If the foregoing evidentiary requirements are met, as County Court correctly found them to be here, "the court shall conduct a hearing to aid in making its determination of whether the applicant should be resentenced in accordance with [Penal Law § 60.12]" (CPL 440.47 [2] [e]). "To that end, the statute sets forth three factors for a court to consider, namely: (1) whether the defendant was a victim of domestic violence inflicted by a member of the same family or household at the time of the offense; (2) whether the abuse was a significant contributing factor to the defendant's criminal behavior; and (3) whether, having regard for the nature and circumstances of the crime and the history, character, and condition of the defendant, a sentence in accordance with the customary statutory sentencing guidelines would be unduly harsh" (People v Angela VV., 229 AD3d at 956 [internal quotation marks and citations omitted]; see Penal Law § 60.12 [1]). "A defendant seeking such relief bears the burden of proving by a preponderance of the evidence the facts necessary to support the motion" (People v Angela VV., 229 AD3d at 956 [citations omitted]).
In support of his application, defendant relied upon his own sworn affidavit as well as the sworn affidavits from two family members to corroborate his claim that, as a minor raised in Jamaica, he was subjected to severe physical and psychological abuse throughout his childhood by his stepfather and mother. We agree with County Court that this evidence, together with defendant's testimony at the hearing, adequately demonstrates that he was subjected to substantial physical violence and abuse by his stepfather and mother (see Penal Law § 60.12 [1] [a]; People v Fisher, 221 AD3d 1195, 1197 [3d Dept 2023], lv denied 41 NY3d 1001 [2024]). Notwithstanding the fact that defendant, as County Court aptly stated, "was subjected to a deprived childhood interspersed with brutality," "this evidence does not suggest that the incident leading to [his son's] death was related to any ongoing abuse of which defendant was the victim" (People v James NN., 224 AD3d at 1015; see People v Rivera, 230 AD3d 517, 519 [2d Dept 2024]). Contrary to defendant's claim that he was being subjected to ongoing abuse at the time of the crime, his testimony revealed that he was a perpetrator of abuse, as he admitted that he had pushed and injured his wife and had punched a hole in the wall during a prior incident in 2003. As [*3]noted by County Court, defendant called no additional witnesses at the hearing and provided no evidence of a medical, psychiatric or psychological nature indicating that his criminal actions were somehow related to ongoing abuse by his stepfather (who had died at least several years prior to the crime) or mother (compare People v Burns, 207 AD3d 646, 648-649 [2d Dept 2022]). And, "although nothing in the DVSJA requires a finding that the abuse and the offense occur contemporaneously, the statutory language requiring that the abuse occur 'at the time of the instant offense' would be rendered meaningless unless it created a requirement that a temporal nexus exist between the abuse and the offense" (People v Fisher, 221 AD3d at 1197; see People v Liz L., 221 AD3d 1288, 1290 [3d Dept 2023]).
Finally, "in view of the horrific nature and the circumstances surrounding defendant's conduct, despite [his] . . . history of abuse, the sentence of imprisonment, which was within the standard statutory sentencing range, is not 'unduly harsh' " (People v Fisher, 221 AD3d at 1197, quoting Penal Law § 60.12 [1] [c]). Accordingly, County Court did not err in denying defendant's application for resentencing pursuant to CPL 440.47. To the extent that defendant's remaining contentions are not rendered academic by our determination, they have been reviewed and found to be without merit.
Clark, J.P., Lynch, Fisher and Powers, JJ., concur.
ORDERED that the order is affirmed.