People v Jennifer F. (2025 NY Slip Op 00877)

People v Jennifer F.

2025 NY Slip Op 00877

Decided on February 13, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 13, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LINDA CHRISTOPHER
LILLIAN WAN
LAURENCE L. LOVE, JJ.

2022-08241
 (Ind. No. 5525/02)

[*1]The People of the State of New York, respondent,
v
Jennifer F., appellant.

Patricia Pazner, New York, NY (Tammy E. Linn and Alexis A. Ascher of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Jean M. Joyce, and Shlomit Heering of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Laura R. Johnson, J.), dated September 21, 2022, which, after a hearing, denied her motion pursuant to CPL 440.47 to vacate her sentence and to be resentenced in accordance with Penal Law § 60.12.
ORDERED that the order is affirmed.
On July 22, 2002, the defendant shot and killed a victim during the commission of a robbery. Thereafter, the defendant pleaded guilty to, among other crimes, three counts of murder in the second degree. She was sentenced to, inter alia, concurrent terms of imprisonment of 18 years to life on each of the three murder counts. Her judgment of conviction was subsequently affirmed by this Court.
In 2020, the defendant moved pursuant to CPL 440.47 to vacate her sentence and to be resentenced in accordance with Penal Law § 60.12, which was amended by the Domestic Violence Survivors Justice Act (L 2019, ch 31, § 1; L 2019, ch 55, § 1, part WW, § 1 [eff May 14, 2019] [hereinafter the DVSJA]). Following a hearing, the Supreme Court, in an order, denied the motion. We affirm.
The DVSJA permits a court to impose alternative, less severe sentences in certain cases involving defendants who are the victims of domestic violence (see People v Rivera, 230 AD3d 517, 518-519; People v Fisher, 221 AD3d 1195, 1196; People v Heft, 220 AD3d 806, 806). "The DVSJA sets forth three factors for a court to consider, namely: (1) whether the defendant was a victim of domestic violence inflicted by a member of the same family or household at the time of the offense; (2) whether the abuse was a significant contributing factor to the defendant's criminal behavior; and (3) whether, having regard for the nature and circumstances of the crime and the history, character, and condition of the defendant, a sentence in accordance with the customary sentencing guidelines would be unduly harsh" (People v Burns, 207 AD3d 646, 648; see Penal Law § 60.12[1]; People v Addimando, 197 AD3d 106, 112). "The preponderance of the evidence standard applies" (People v Rivera, 230 AD3d at 519; see People v Addimando, 197 AD3d at 112).
Here, as the Supreme Court held, the defendant's evidence at the hearing did not establish that, at the time of the offenses, the defendant was a victim of domestic violence subjected to substantial psychological abuse at the hands of the defendant's accomplice (see People v Rivera, 230 AD3d at 519; People v Fisher, 221 AD3d at 1196-1197; People v Williams, 198 AD3d 466, 466-467). Accordingly, the court did not err in denying the defendant's motion for resentencing.
In light of our determination, the defendant's remaining contentions need not be reached.
IANNACCI, J.P., CHRISTOPHER, WAN and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court