People v Naqvi (2025 NY Slip Op 01645)

People v Naqvi

2025 NY Slip Op 01645

Decided on March 19, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 19, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
LARA J. GENOVESI
JANICE A. TAYLOR
PHILLIP HOM, JJ.

2022-03543
 (Ind. No. 2848/06)

[*1]The People of the State of New York, respondent,
v
Tahir Naqvi, appellant.

Patricia Pazner, New York, NY (Alexis A. Ascher of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Charles T. Pollak, and Corey Reisman of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Queens County (Kenneth C. Holder, J.), dated April 27, 2022, which denied, without a hearing, his motion pursuant to CPL 440.47 to vacate his sentence and to be resentenced in accordance with Penal Law § 60.12.
ORDERED that the order is affirmed.
In 2009, the defendant was convicted of murder in the second degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree. The murder victim was the defendant's cousin. On September 24, 2009, the defendant was sentenced to an indeterminate term of imprisonment of 25 years to life on the conviction of murder in the second degree, a determinate term of imprisonment of 15 years plus 5 years of postrelease supervision on the conviction of criminal possession of a weapon in the second degree, and a determinate term of imprisonment of 7 years plus 3 years of postrelease supervision on the conviction of criminal possession of a weapon in the third degree, with the sentences imposed to run concurrently with each other. On the defendant's direct appeal, this Court modified the judgment of conviction by reducing the sentence imposed on the conviction of murder in the second degree to an indeterminate term of imprisonment of 18 years to life (see People v Naqvi, 132 AD3d 779).
In May 2021, the defendant moved pursuant to CPL 440.47 to vacate his sentence and to be resentenced in accordance with Penal Law § 60.12. The defendant alleged that his cousin, the murder victim, was having an affair with his wife and that he suffered substantial psychological abuse by listening to certain phone conversations, which he had secretly recorded, between the victim and his wife during the affair. The defendant asserted that this abuse was a significant contributing factor to the offenses. The Supreme Court denied the defendant's motion without a hearing, finding that the defendant failed to submit evidence corroborating his allegations as required by CPL 440.47(2)(c). The defendant appeals.
Provided that the defendant meets certain threshold eligibility requirements pertaining to, inter alia, the length of incarceration and the type of offense (see id. § 440.47[1][a]), a defendant may move for resentencing in accordance with Penal Law § 60.12 (see CPL 440.47[1][c]). The motion itself, however, must make a preliminary evidentiary showing consisting of "at least two pieces of evidence corroborating the applicant's claim that he or she was, at the time of the offense, a victim of domestic violence subjected to substantial physical, sexual or psychological abuse inflicted by a member of the same family or household as the applicant as such term is defined in [CPL 530.11(1)]" (id. § 440.47[2][c]). Furthermore, "[a]t least one piece of evidence must be either [*2]a court record, pre-sentence report, social services record, hospital record, sworn statement from a witness to the domestic violence, law enforcement record, domestic incident report, or order of protection" (id.).
Here, in support of his motion, the defendant submitted, among other things, his trial testimony, a letter he sent to his wife in 2002, and a forensic-psychiatric evaluation conducted in 2012. Contrary to the defendant's contentions, this evidence failed to demonstrate that the victim subjected him to substantial psychological abuse. Rather, this evidence demonstrated that the defendant recorded and listened to private phone conversations between his wife and the victim, during which the defendant learned that his wife and the victim were having an affair and heard the victim make insulting comments about him. There was no indication that the victim knew that the defendant was listening to these phone conversations or that the victim directed these comments at the defendant. Moreover, this evidence demonstrated that the affair between the defendant's wife and the victim, rather than any comments made by the victim, led the defendant to commit the underlying offenses. Collectively, this evidence failed to corroborate the defendant's allegations that, at the time of the offenses, he was a victim of domestic violence subjected to substantial psychological abuse (see People v Fisher, 221 AD3d 1195; People v Williams, 198 AD3d 466, 466) or that the alleged abuse was a significant contributing factor to the offenses (see People v Rivera, 230 AD3d 517, 519; People v White, 226 AD3d 1054, 1055).
As the defendant failed to meet his burden pursuant to CPL 440.47(2)(c), the Supreme Court was not required to hold a hearing before denying the motion. Accordingly, the court properly denied the defendant's motion.
LASALLE, P.J., GENOVESI, TAYLOR and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court