■ In the Matter of Richard A. Brown, as District Attorney of Queens County, Petitioner, v Joel L. Blumenfeld et al., Respondents. [845 NYS2d 746]—Proceeding pursuant to CPLR article 78 in the nature of prohibition to prohibit the respondent Joel L. Blumenfeld, an Acting Justice of the Supreme Court, Queens County, from enforcing judicial subpoenas duces tecum issued in a criminal action entitled *People v Kareem Bellamy*, Queens County Indictment Number 2194/94, directing the production, for an in camera inspection, of police personnel files as well as documents concerning housing assistance allegedly provided by the petitioner's office to a trial witness. Motion by the respondent to dismiss the proceeding.

Ordered that the motion is granted; and it is further,

Adjudged that the petition is denied and the proceeding is dismissed, without costs or disbursements.

The petitioner argues that the respondent Joel L. Blumenfeld, an Acting Justice of the Supreme Court, Queens County, acted in excess of his authorized powers in connection with a CPL 440 evidentiary hearing conducted in a criminal action entitled *People v Kareem Bellamy,* Queens County indictment No. 2194/94. The petitioner asserts that Acting Justice Blumenfeld improperly granted the defense requests for subpoenas duces tecum and improperly directed the production, for an in-camera inspection, of police personnel files and of documents concerning housing assistance allegedly provided by the petitioner's office to a trial witness. However, under the facts of this case, the petitioner has failed to demonstrate that a writ of prohibition is warranted (*see* CPL 610.20; Civil Rights Law § 50-a; *People v Gissendanner,* 48 NY2d 543, 550 [1979]; *Matter of Feldman v Marcus,* 23 AD3d 559, 560 [2005]; *cf. People v Landa,* 28 AD3d 582, 583 [2006]). Lifson, J.P., Dillon, Covello and McCarthy, JJ., concur.