People v Monk (2020 NY Slip Op 04490)





People v Monk


2020 NY Slip Op 04490


Decided on August 12, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 12, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2019-02117
 (Ind. No. 18-00392)

[*1]The People of the State of New York, respondent,
v
James Monk, appellant.


Philip H. Schnabel, Chester, NY, for appellant.
David M. Hoovler, District Attorney, Goshen, NY (William C. Ghee of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Orange County (William L. DeProspo, J.), rendered January 8, 2019, convicting him of criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fourth degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
On October 12, 2018, the defendant pleaded guilty to criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fourth degree. As part of the plea agreement, the defendant was promised a sentence of a determinate term of imprisonment of 5 years plus a period of postrelease supervision of 2 years on each count, with the sentences to run consecutively. The agreement included a component pursuant to which the sentence would be served as a 10 year sentence of parole supervision pursuant to CPL 410.91, to be served subsequent to the defendant's completion of treatment after his initial placement at a drug treatment campus. The County Court clearly warned the defendant at the plea proceedings that if, inter alia, he was rearrested pending sentencing, the court would no longer be bound by its sentencing promise and could impose any sentence permitted by law. The defendant acknowledged that he understood. On November 17, 2018, the defendant was rearrested. On January 8, 2019, the court imposed an enhanced sentence of a determinate term of imprisonment of 5 years plus a period of postrelease supervision of 2 years on each count, with the sentences to run concurrently.
The defendant's contention that his plea of guilty was not knowingly, voluntarily, and intelligently entered is unpreserved for appellate review because he did not move to withdraw his plea or otherwise raise this issue before the County Court (see CPL 220.60[3]; 470.05[2]; People v Lopez, 71 NY2d 662, 665; People v Harden, 175 AD3d 613, 614). Contrary to the defendant's contention, the "rare case" exception to the preservation requirement does not apply here because the defendant's allocution did not cast significant doubt on his guilt, negate an essential element of the crimes pleaded to, or call into question the voluntariness of his plea (see People v Lopez, 71 NY2d at 666; People v Ramos, 164 AD3d 922, 922-923). Moreover, the defendant's contention that his waiver of the right to appeal was invalid does not, in and of itself, render the plea involuntary [*2](see generally People v Seaberg, 74 NY2d 1; People v Barnett, 68 AD3d 888). In any event, the record demonstrates that the defendant knowingly, intelligently, and voluntarily waived his right to appeal (see People v Sanders, 25 NY3d 337; People v Contreras, 170 AD3d 1034, 1035), and that the defendant's plea of guilty was knowingly, voluntarily, and intelligently entered (see People v Dunkley, 177 AD3d 767, 768; People v Coleman, 164 AD3d 518, 519).
The defendant's valid waiver of the right to appeal does not preclude review of the issue of whether there was a sufficient basis for the County Court to impose an enhanced sentence (see People v Smith, 160 AD3d 664, 665; People v Gregory, 140 AD3d 1088, 1089). Contrary to the defendant's contention, the court providently exercised its discretion in imposing a sentence greater than what had been promised in the original plea and which no longer provided for placement at a drug treatment campus to be followed by a 10 year sentence of parole supervision. Since the defendant violated his plea agreement by being rearrested, the court was "no longer bound by the plea promise and could properly impose an enhanced sentence" (People v Jenkins, 11 NY3d 282, 288, quoting People v Figgins, 87 NY2d 840, 841).
The defendant's valid waiver of the right to appeal precludes appellate review of his contention that the enhanced sentence was excessive (see People v Perkins, 169 AD3d 936, 937).
SCHEINKMAN, P.J., DUFFY, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court