People v Mimms (2020 NY Slip Op 06149)





People v Mimms


2020 NY Slip Op 06149


Decided on October 28, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 28, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JOSEPH J. MALTESE
BETSY BARROS
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2018-13413 
2018-13414

[*1]The People of the State of New York, respondent,
v
Carl S. Mimms, appellant. (Ind. Nos. 17-00349, 17-00702)


Philip H. Schnabel, Chester, NY, for appellant, and appellant pro se.
David M. Hoovler, District Attorney, Middletown, NY (William C. Ghee and Robert H. Middlemiss of counsel), for respondent.



DECISION & ORDER
Appeals by the defendant from two judgments of the County Court, Orange County (Nicholas DeRosa, J., at plea; William DeProspo, J., at sentencing), both rendered February 14, 2018, convicting him of criminal possession of a controlled substance in the third degree under Indictment No. 17-00349 and assault in the second degree under Indictment No. 17-00702, upon his pleas of guilty, and imposing sentences.
ORDERED that the judgments are affirmed.
The defendant's contention that his pleas were not knowingly and voluntarily made based upon the County Court's imposition of an enhanced sentence is unpreserved for appellate review, as the defendant did not move to withdraw his pleas prior to being sentenced (see CPL 470.05[2]; People v Davis, 186 AD3d 852).
In any event, the record is clear that the County Court warned the defendant that if he violated the terms of the plea agreement, which included not getting rearrested, the court would not be bound by the initial promised sentence. Based upon the defendant's arrest prior to being sentenced, the court could properly impose an enhanced sentence (see People v Jenkins, 11 NY3d 282, 288; People v Monk, 186 AD3d 623).
The sentences imposed were not excessive (see People v Suitte, 90 AD2d 80).
RIVERA, J.P., MALTESE, BARROS, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court