People v Burns (2022 NY Slip Op 04638)

People v Burns

2022 NY Slip Op 04638

Decided on July 20, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 20, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
ROBERT J. MILLER
LARA J. GENOVESI
WILLIAM G. FORD, JJ.

2021-02435
 (Ind. No. 3916/96)

[*1]The People of the State of New York, respondent,
v
Thomas Burns, appellant.

Kate Mogulescu, Brooklyn, NY (Laurette D. Mulry [Felice Milani] and Cravath, Swaine & Moore LLP [David M. Stuart, Andrew Wiktor, and Matthew Nussbaum], of counsel), for appellant.
Raymond A. Tierney, District Attorney, Riverhead, NY (Kathleen Becker Langlan of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from so much of an order of the Supreme Court, Suffolk County (William J. Condon, J.), dated January 12, 2021, as, after a hearing, denied that branch of his motion which was pursuant to CPL 440.47 to vacate the sentence imposed upon his conviction of murder in the second degree, and to be resentenced on that conviction in accordance with Penal Law § 60.12.
ORDERED that the order is reversed insofar as appealed from, on the law, on the facts, and as a matter of discretion in the interest of justice, that branch of the defendant's motion which was pursuant to CPL 440.47 to vacate the sentence imposed upon his conviction of murder in the second degree, and to be resentenced on that conviction in accordance with Penal Law § 60.12 is granted, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings consistent herewith, to be conducted with all deliberate speed.
The issue on this appeal is whether the Supreme Court properly applied the Domestic Violence Survivors Justice Act (L 2019, ch 31, § 1; L 2019, ch 55, § 1, part WW, § 1 [eff May 14, 2019]; hereinafter DVSJA), which amended Penal Law § 60.12.
In December 1996, when the defendant was 19 years old, he killed his father and his father's girlfriend, Antoinetta Johnston, during an altercation which occurred in the father's home where all three individuals had resided. The defendant pleaded guilty to manslaughter in the first degree for the death of his father and murder in the second degree for the death of Johnston. The defendant was sentenced to consecutive terms of imprisonment of 3 to 6 years on the manslaughter conviction and 25 years to life on the murder conviction, for an aggregate sentence of 28 years to life imprisonment.
In 2020, after having served more than 23 years in prison, the defendant submitted an application for resentencing pursuant to the newly enacted DVSJA. After a hearing, the Supreme Court granted that branch of the defendant's motion which was to vacate the sentence imposed upon [*2]his conviction of manslaughter in the first degree and to be resentenced on that conviction in accordance with Penal Law § 60.12, but denied that branch of the defendant's motion which was to vacate the sentence imposed upon his conviction of murder in the second degree and to be resentenced on that conviction in accordance with Penal Law § 60.12. The court determined that the defendant met his burden of establishing that he was a victim of domestic violence by his father at the time of the offense, that the abuse by the father was a significant contributing factor to the defendant's act of killing his father, and that the sentence of imprisonment was unduly harsh. The court further recognized the exemplary behavior of the defendant in the correctional facility during his 23 years of imprisonment. The court resentenced the defendant pursuant to Penal Law § 60.12 on the manslaughter conviction to a term of 364 days in jail. However, the court determined that the defendant failed to meet his burden of demonstrating that the abuse suffered at the hands of his father was a significant contributing factor to the murder of Johnston, and that the sentence of 25 years to life imprisonment was not unduly harsh under the circumstances of this case.
The DVSJA permits courts to impose reduced alternative, less severe, sentences in certain cases involving defendants who are victims of domestic violence (see People v Addimando, 197 AD3d 106, 109). The DVSJA sets forth three factors for a court to consider, namely: (1) whether the defendant was a victim of domestic violence inflicted by a member of the same family or household at the time of the offense; (2) whether the abuse was a significant contributing factor to the defendant's criminal behavior; and (3) whether, having regard for the nature and circumstances of the crime and the history, character, and condition of the defendant, a sentence in accordance with the customary statutory sentencing guidelines would be unduly harsh (see Penal Law § 60.12). The preponderance of the evidence standard applies (see People v Addimando, 197 AD3d at 112). The DVSJA permits the court to impose a less punitive and less harsh sentence without diminishing the seriousness of the offense or finding the crime to have been justified (see People v Addimando, 197 AD3d at 117-118; People v Smith, 69 Misc 3d 1030 [Erie County Ct]).
Here, as the Supreme Court determined, the record amply established that the defendant was a victim of domestic violence inflicted by his father, with whom he lived, at the time of the underlying offenses. The record also supports the court's determination that the father's abuse of the defendant was a significant contributing factor to the defendant's act of killing his father. Contrary to the court's further determination, however, the record also showed that the father's abuse of the defendant was a significant contributing factor to the murder of Johnston. Considering the cumulative effect of the defendant's abuse at the hands of his father, together with the events immediately surrounding the crimes, and paying particular attention to the circumstances under which the defendant was living, the preponderance of the evidence demonstrates that the father's abuse was a contributing factor to the murder of Johnston (see People v Addimando, 197 AD3d at 116-117).
Further, under the particular circumstances of this case, including the nature of the underlying crime, the age of the defendant at the time of the crime, his record and accomplishments during his lengthy period of imprisonment, and his family support, the sentence imposed upon the defendant's conviction of murder in the second degree was unduly harsh, and he should be re-sentenced on that conviction in accordance with Penal Law § 60.12 (see People v Addimando, 197 AD3d at 117-118; People v S.M., 72 Misc 3d 809, 814 [Erie County Ct]; People v Smith, 69 Misc 3d at 1039). In light of the foregoing, the Supreme Court should have granted that branch of the defendant's motion which was pursuant to CPL 440.47 to vacate the sentence imposed upon his conviction of murder in the second degree, and to be resentenced on that conviction in accordance with Penal Law § 60.12.
The People's contention that the defendant's arguments are unpreserved for appellate review is without merit.
Accordingly, we reverse the order insofar as appealed from, and remit the matter to the Supreme Court, Suffolk County, for resentencing pursuant to CPL 440.47 on the defendant's conviction of murder in the second degree, in accordance with Penal law § 60.12, with all deliberate speed.
IANNACCI, J.P., MILLER, GENOVESI and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court