Matter of Maria S. v Tully (2023 NY Slip Op 01680)

Matter of Maria S. v Tully

2023 NY Slip Op 01680

Decided on March 29, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 29, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LARA J. GENOVESI
DEBORAH A. DOWLING
HELEN VOUTSINAS, JJ.

2023-00571

[*1]In the Matter of Maria S., petitioner, 
v
Jane Tully, et al., respondents. Patricia Pazner, New York, NY (Madeline Porta of counsel), for petitioner.

Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Amy Appelbaum, and Anthea H. Bruffee of counsel), respondent pro se.

DECISION & JUDGMENT
Proceeding pursuant to CPLR article 78 in the nature of prohibition to prohibit the respondents Jane Tully, a Justice of the Supreme Court, Kings County, and Eric Gonzalez, District Attorney, Kings County, from enforcing a judicial subpoena duces tecum issued in a criminal action under Kings County Indictment No. 12139/1998, directing the New York State Office of Mental Health to produce, for an in camera inspection, certain mental health records. Pursuant to a temporary restraining order contained in an order to show cause of this Court dated January 19, 2023, enforcement of the subpoena was stayed pending determination of this proceeding.
ADJUDGED that the petition is denied and the proceeding is dismissed on the merits, without costs or disbursements.
In 1999, the petitioner was convicted of, inter alia, murder in the second degree with respect to the death of her child, and sentenced to an indeterminate term of imprisonment of 22 years to life on that conviction. In 2020, just prior to her release to lifetime parole, the petitioner moved pursuant to CPL 440.47, enacted under the Domestic Violence Survivors Justice Act (L 2019, ch 31; L 2019, ch 55, § 1, part WW [hereinafter DVSJA]), to vacate the sentence imposed upon her murder conviction, and to be resentenced on that conviction, effectively, to time served, in accordance with Penal Law § 60.12. In connection with the motion, the petitioner was referred by her attorney for a psychological evaluation, and the resulting psychological evaluation report, and a supplemental psychological evaluation report, were submitted by the petitioner in support of the motion. In arguing that domestic violence was a significant contributing factor to her crime and that her sentence was unduly harsh under the circumstances, the petitioner referred to certain conclusions from the evaluation report.
The People conceded that the petitioner met the threshold requirements of CPL 440.47 so as to be entitled to a hearing on her resentencing motion. Nevertheless, the People opposed resentencing on the ground, among others, that the petitioner's sentence was not unduly harsh under the circumstances.
Prior to the hearing on the resentencing motion, the People sought to subpoena, for an in camera inspection by the Supreme Court, the petitioner's mental health records from the period of her incarceration. Over the petitioner's objection, the respondent Jane Tully, a Justice of the Supreme Court, Kings County, issued a judicial subpoena duces tecum directing the New York State Office of Mental Health to produce the petitioner's mental health records for such an in camera inspection. The petitioner thereafter commenced the instant proceeding pursuant to CPLR article 78 to prohibit enforcement of the judicial subpoena.
A writ of prohibition is an extraordinary remedy available "'only where there is a clear legal right' to such relief and 'only when a court (if a court is involved) acts or threatens to act without jurisdiction'" or, as relevant here, "'exceeds its authorized powers in a proceeding over which it has jurisdiction'" (Matter of Brown v Blumenfeld, 103 AD3d 45, 54, quoting Matter of State of New York v King, 36 NY2d 59, 62; see CPLR 7803[2]; Matter of Holtzman v Goldman, 71 NY2d 564, 569). "In essence, prohibition is available only in 'those rare circumstances where an arrogation of power would justify burdening the judicial process with collateral intervention and summary correction'" (Matter of Brown v Blumenfeld, 103 AD3d at 54, quoting Matter of Rush v Mordue, 68 NY2d 348, 354). It is unavailable "as a means of seeking a collateral review of an error of law, no matter how egregious that error might be" (Matter of Steingut v Gold, 42 NY2d 311, 315; see Matter of Brown v Blumenfeld, 103 AD3d at 55). In distinguishing between legal errors not subject to correction by prohibition, and arrogations of power for which the writ lies, "the Court of Appeals has instructed that such excesses of power involve 'an unlawful use or abuse of the entire action or proceeding as distinguished from an unlawful procedure or error in the action or proceeding itself related to the proper purpose of the action or proceeding'" (Matter of Brown v Blumenfeld, 103 AD3d at 56, quoting Matter of State of New York v King, 36 NY2d at 64). Moreover, even if the remedy of prohibition lies, the writ "does not issue as of right, but only in the sound discretion of the court" (Matter of Rush v Mordue, 68 NY2d at 354).
Under the circumstances of this case, we conclude that the Supreme Court did not exceed its authorized power by issuing the subpoena directing production of the mental health records for an in camera inspection.
"The DVSJA permits courts to impose reduced alternative, less severe, sentences in certain cases involving defendants who are victims of domestic violence" (People v Burns, 207 AD3d 646, 648). "The DVSJA sets forth three factors for a court to consider, namely: (1) whether the defendant was a victim of domestic violence inflicted by a member of the same family or household at the time of the offense; (2) whether the abuse was a significant contributing factor to the defendant's criminal behavior; and (3) whether, having regard for the nature and circumstances of the crime and the history, character, and condition of the defendant, a sentence in accordance with the customary statutory sentencing guidelines would be unduly harsh" (id. at 648; see Penal Law § 60.12). The DVSJA also permits certain incarcerated individuals eligible for an alternative sentence pursuant to Penal Law § 60.12 to apply for resentencing (see CPL 440.47).
When determining whether a defendant should be sentenced pursuant to Penal Law § 60.12, that statute instructs that the court "shall consider oral and written arguments, take testimony from witnesses offered by either party, and consider relevant evidence," including reliable hearsay (Penal Law § 60.12[1] [emphasis added]). CPL 440.47(2)(e) similarly provides that the court "may consider any fact or circumstances relevant to the imposition of a new sentence which are submitted by the applicant or the district attorney."
Thus, the DVSJA broadly permits the court in determining whether to sentence, or resentence, a defendant to an alternative sentence, to consider "relevant evidence" (Penal Law § 60.12[1]). In the present case, the People argued that the petitioner's mental health records were relevant, not simply because she had filed a motion for resentencing under the DVSJA; but because, in support of that motion, she submitted two detailed psychological evaluation reports, completed after the psychologist conducted several hours of clinical interviews with the petitioner, and which, among other things, reached conclusions concerning a connection between domestic violence and the petitioner's crime and the effects of lifetime parole on the petitioner's mental health. Further, contrary to the petitioner's contention, the Supreme Court made a finding pursuant to Mental Hygiene Law § 33.13(c)(1), which is recited in the subpoena, that "the interests of justice significantly outweigh[ed] the need for confidentiality" of the records.
Under these circumstances, issuance of the subpoena did not constitute "an unlawful use or abuse of the entire action" (Matter of State of New York v King, 36 NY2d at 64; cf. Matter of Proskin v County Ct. of Albany County, 30 NY2d 15, 20 [where a criminal defendant was granted "disclosure solely for purposes of discovery of an entire Grand Jury investigation into municipal corruption involving persons, transactions, and crimes not related or attributed to the charged defendant," the remedy of prohibition was available]). At most, the determinations that the records were relevant, and that the interests of justice outweighed the need for confidentiality, would [*2]constitute an "error in the action . . . itself related to the proper purpose of the action or proceeding" (Matter of State of New York v King, 36 NY2d at 64; see Matter of Brown v Blumenfeld, 45 AD3d 836, 837; cf. People v Madrid, 88 AD3d 674, 675 ["the County Court erred when it refused to permit the People access to the requested medical and psychiatric records," as the People demonstrated that the requested records were "relevant to the determinations" (internal quotation marks omitted)]; People v Kiah, 156 AD3d 1054, 1056-1057). We express no view as to whether such a legal error was committed.
Accordingly, the remedy of prohibition does not lie, and we, therefore, deny the petition and dismiss the proceeding.
IANNACCI, J.P., GENOVESI, DOWLING and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court