Matter of James (nee Nancy) P. v Boller (2023 NY Slip Op 03642)

Matter of James (nee Nancy) P. v Boller

2023 NY Slip Op 03642

Decided on June 30, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 30, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, BANNISTER, MONTOUR, AND GREENWOOD, JJ.

525.2 OP 23-00359

[*1]IN THE MATTER OF JAMES (NEE NANCY) P., PETITIONER,
H
v
ON. M. WILLIAM BOLLER, JUSTICE OF THE SUPREME COURT, ERIE COUNTY, AND JOHN FLYNN, DISTRICT ATTORNEY, ERIE COUNTY, RESPONDENTS. 

ALEXANDRA HARRINGTON, BUFFALO, FOR PETITIONER. 
HARMONY A. HEALY, WATERTOWN, FOR RESPONDENT JOHN FLYNN, DISTRICT ATTORNEY, ERIE COUNTY. 

 Proceeding pursuant to CPLR article 78 (initiated in the Appellate Division of the Supreme Court in the Fourth Judicial Department pursuant to CPLR 506 [b] [1]) to prohibit enforcement of an order of respondent Hon. M. William Boller, Justice of the Supreme Court, Erie County, requiring petitioner to submit to a psychiatric evaluation by the expert for the People. 
It is hereby ORDERED that said petition is unanimously dismissed without costs.
Memorandum: Petitioner filed an application for resentencing pursuant to CPL 440.47. Petitioner supported the application with, among other things, an expert report based on a confidential psychological evaluation. The People moved to, inter alia, compel petitioner to undergo a reciprocal psychiatric evaluation by the People's expert. Supreme Court issued an order granting the motion with respect to the psychiatric evaluation, and petitioner thereafter commenced this original CPLR article 78 proceeding seeking to prohibit enforcement of that order.
We "cannot examine the merits of petitioner's claim without first determining whether the issue presented by the petition is the type for which the extraordinary remedy of prohibition may lie" (Matter of Makhani v Kiesel, 211 AD3d 132, 137 [1st Dept 2022]; see Matter of Auer v Smith, 77 AD2d 172, 180 [4th Dept 1980], appeal dismissed 52 NY2d 1070 [1981]). "[A]n article 78 proceeding in the nature of prohibition will not lie to correct procedural or substantive errors of law . . . Rather, the extraordinary remedy of prohibition may be obtained only where a clear legal right of a petitioner is threatened by a body or officer acting in a judicial or quasi-judicial capacity without jurisdiction in a matter over which it has no power over the subject matter or where it exceeds its authorized powers in a proceeding of which it has jurisdiction" (Matter of Soares v Herrick, 20 NY3d 139, 145 [2012] [internal quotation marks omitted]). Prohibition "is not available to correct or prevent trial errors of substantive or procedural law, no matter how grievous" (Matter of Doe v Connell, 179 AD2d 196, 198 [4th Dept 1992]), and "the difference between a trial error and an action in excess of the court's power is that the latter impacts the entire proceeding" (Matter of Doorley v DeMarco, 106 AD3d 27, 34 [4th Dept 2013]; see Matter of Rush v Mordue, 68 NY2d 348, 353 [1986]). Moreover, even where prohibition is technically available, it " 'is not mandatory, but may issue in the sound discretion of the court' " (Soares, 20 NY3d at 145, quoting La Rocca v Lane, 37 NY2d 575, 579 [1975]).
We conclude that the order granting the People's motion with respect to the psychiatric evaluation does not have proceeding-wide effect (see Matter of Maria S. v Tully, 214 AD3d 988, [*2]991 [2d Dept 2023]; see generally Matter of State of New York v King, 36 NY2d 59, 64 [1975]). The People sought a psychiatric evaluation in response to the expert report submitted by petitioner, and the use of the psychiatric evaluation will be merely one component of the larger resentencing hearing ordered by the court on petitioner's application pursuant to CPL 440.47. Thus, although we express no view whether that part of the order granting a psychiatric evaluation was legal error, under the circumstances presented here, any such error would, at most, "constitute an error in the action . . . itself related to the proper purpose of the action or proceeding" (Maria S., 214 AD3d at 991 [internal quotation marks omitted]; see Matter of Tucker v Buscaglia, 262 AD2d 979, 979 [4th Dept 1999]; Matter of James N. v D'Amico, 139 AD2d 302, 303-304 [4th Dept 1988], lv denied 73 NY2d 703 [1988]). We therefore dismiss the petition on the ground that prohibition does not lie.
Entered: June 30, 2023
Ann Dillon Flynn
Clerk of the Court