People v Rivera (2024 NY Slip Op 04153)

People v Rivera

2024 NY Slip Op 04153

Decided on August 7, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 7, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
JOSEPH J. MALTESE
LILLIAN WAN, JJ.

2023-08327
 (Ind. No. 3340/06)

[*1]The People of the State of New York, respondent,
v
Brian Rivera, appellant.

Laurette D. Mulry, Riverhead, NY (Felice B. Milani of counsel), for appellant.
Raymond A. Tierney, District Attorney, Riverhead, NY (Christopher R. Turk and Marion Tang of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Suffolk County (Timothy P. Mazzei, J.), dated August 22, 2023, which, after a hearing, denied his motion pursuant to CPL 440.47 to vacate his sentence and to be resentenced in accordance with Penal Law § 60.12.
ORDERED that the order is affirmed.
In October 2006, when the defendant was 18 years old, he shot and killed Thomas Herzberg during a foiled robbery attempt. After a jury trial, the defendant was convicted of murder in the second degree and criminal possession of a weapon in the second degree, and he was sentenced to an indeterminate term of imprisonment of 25 years to life on the conviction of murder in the second degree and a concurrent determinate term of imprisonment of 15 years plus 5 years of postrelease supervision on the conviction of criminal possession of a weapon in the second degree. On appeal, this Court affirmed the judgment of conviction (see People v Rivera, 74 AD3d 993). The Court of Appeals denied leave to appeal (see People v Rivera, 15 NY3d 895), and the United States District Court for the Eastern District of New York denied the defendant's application for habeas corpus relief (see Rivera v Graham, 2012 WL 397826, 2012 US Dist LEXIS 15115 [ED NY, No. 11 Civ 3546 (BMC)]).
In 2022, after having served approximately 16 years in prison, the defendant moved pursuant to CPL 440.47 to vacate his sentence and to be resentenced in accordance with Penal Law § 60.12, which was amended by the Domestic Violence Survivors Justice Act (L 2019, ch 31, § 1; L 2019, ch 55, § 1, part WW, § 1 [eff May 14, 2019]; hereinafter the DVSJA). After a hearing, the Supreme Court denied the defendant's motion. The court determined that the evidence of substantial abuse that the defendant was subjected to at the hands of his father did not demonstrate that he was a victim of this abuse "at the time of the instant offense" (Penal Law § 60.12[1]; see People v Burns, 207 AD3d 646). In addition, the court determined that the behavior of the defendant's mother at the time of the offense, being emotionally unavailable and neglectful due to her addiction to drugs, did not constitute substantial abuse as contemplated by the DVSJA (see Penal Law § 60.12[1]). The defendant appeals.
"The DVSJA permits courts to impose reduced alternative, less severe, sentences in [*2]certain cases involving defendants who are victims of domestic violence" (People v Burns, 207 AD3d at 648). "The DVSJA sets forth three factors for a court to consider, namely: (1) whether the defendant was a victim of domestic violence inflicted by a member of the same family or household at the time of the offense; (2) whether the abuse was a significant contributing factor to the defendant's criminal behavior; and (3) whether, having regard for the nature and circumstances of the crime and the history, character, and condition of the defendant, a sentence in accordance with the customary statutory sentencing guidelines would be unduly harsh" (id.; see Penal Law § 60.12). The preponderance of the evidence standard applies (see People v Addimando, 197 AD3d 106, 112). "The DVSJA permits the court to impose a less punitive and less harsh sentence without diminishing the seriousness of the offense or finding the crime to have been justified" (People v Burns, 207 AD3d at 648).
Here, as the Supreme Court determined, the defendant's evidence adduced at the hearing failed to establish that, at the time of the offense, he was a victim of domestic violence, or that the alleged abuse was a significant contributing factor to the offense (see People v White, 226 AD3d 1054; People v Fisher, 221 AD3d 1195; People v Williams, 198 AD3d 466).
IANNACCI, J.P., CHAMBERS, MALTESE and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court