People v Martinez (2025 NY Slip Op 00333)

People v Martinez

2025 NY Slip Op 00333

Decided on January 22, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 22, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
VALERIE BRATHWAITE NELSON
DEBORAH A. DOWLING
LOURDES M. VENTURA, JJ.

2023-02922
 (Ind. No. 696/15)

[*1]The People of the State of New York, respondent,
v
Miguel Martinez, appellant.

Jerry F. Kebrdle II, Elmsford, NY, for appellant.
Susan Cacace, District Attorney, White Plains, NY (Shea Scanlon Lomma and John J. Carmody of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Westchester County (Robert A. Neary, J.), entered January 11, 2023, which, without a hearing, denied his motion pursuant to CPL 440.47 to vacate the sentences imposed upon his convictions of robbery in the first degree and robbery in the second degree and to be resentenced in accordance with Penal Law § 60.12.
ORDERED that the order is modified, on the law and in the exercise of discretion, by adding a provision thereto providing that the denial of the defendant's motion pursuant to CPL 440.47 to vacate the sentences imposed upon his convictions of robbery in the first degree and robbery in the second degree and to be resentenced in accordance with Penal Law § 60.12 is without prejudice; as so modified, the order is affirmed.
In 2015, the defendant, while acting in concert with his codefendant, robbed the victim at knifepoint. After a jury trial, the defendant was convicted of, among other things, robbery in the first degree and robbery in the second degree and was sentenced on those convictions.
In 2022, the defendant moved pursuant to CPL 440.47 to vacate the sentences imposed upon his convictions of robbery in the first degree and robbery in the second degree and to be resentenced in accordance with Penal Law § 60.12. The Supreme Court denied the defendant's motion without a hearing. The court determined, among other things, that the evidence that the defendant submitted did not demonstrate that he was a victim of domestic violence "at the time of the instant offense" (id. § 60.12[1]). The defendant appeals.
The Domestic Violence Survivors Justice Act (hereinafter the DVSJA) "permits courts to impose reduced alternative, less severe, sentences in certain cases involving defendants who are victims of domestic violence" (People v Burns, 207 AD3d 646, 648). "The DVSJA sets forth three factors for a court to consider, namely: (1) whether the defendant was a victim of domestic violence inflicted by a member of the same family or household at the time of the offense; (2) whether the abuse was a significant contributing factor to the defendant's criminal behavior; and (3) whether, having regard for the nature and circumstances of the crime and the history, character, and condition of the defendant, a sentence in accordance with the customary statutory sentencing [*2]guidelines would be unduly harsh" (id.; see Penal Law § 60.12). The preponderance of the evidence standard applies (see People v Addimando, 197 AD3d 106, 112). "The DVSJA permits the court to impose a less punitive and less harsh sentence without diminishing the seriousness of the offense or finding the crime to have been justified" (People v Burns, 207 AD3d at 648).
Here, as the Supreme Court determined, the defendant's evidence failed to establish that, at the time of the offense, he was a victim of domestic violence (see People v Rivera, 230 AD3d 517, 519; People v Fisher, 221 AD3d 1195, 1197; People v Williams, 198 AD3d 466, 466-467). Accordingly, as the defendant failed to meet his burden under CPL 440.47(2)(c), the court properly denied the defendant's motion without a hearing (see People v White, 226 AD3d 1054, 1055-1056). We modify the order to specify that the motion is denied "without prejudice" (see id.; see also CPL 440.47[2][d]).
In light of our determination, we need not reach the parties' remaining contentions.
CHAMBERS, J.P., BRATHWAITE NELSON, DOWLING and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court