People v Angela VV. (2025 NY Slip Op 03644)

People v Angela VV.

2025 NY Slip Op 03644

Decided on June 17, 2025

Court of Appeals

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 17, 2025

No. 47 

[*1]The People & c., Respondent,
v
Angela VV., Appellant.

Mitch Kessler, for appellant. 
Alyxandra Stanczak, for respondent. 
Lisa Goodman et al., amici curiae.

MEMORANDUM:
The order of the Appellate Division should be affirmed.
Defendant and the victim were in a relationship during which, according to defendant, the victim engaged in a pattern of physical and emotional abuse. In 2013, defendant killed the victim after he threatened her with a knife. Defendant subsequently pleaded guilty to manslaughter in the first degree and was sentenced to a prison term of 15 years followed by five years of postrelease supervision.
In 2022, defendant filed an application for resentencing under the Domestic Violence Survivors Justice Act (DVSJA) (see CPL 440.47; Penal Law § 60.12). Pursuant to that statute, defendant was required to establish three factors listed in Penal Law § 60.12 (1): "that (a) at the time of the instant offense, the defendant was a victim of domestic violence subjected to substantial physical, sexual or psychological abuse inflicted by a member of the same family or household as the defendant . . . ; (b) such abuse was a significant contributing factor to the defendant's criminal behavior; [and] (c) having regard for the nature and circumstances of the crime and the history, character and condition of the defendant," a standard sentence of imprisonment would be "unduly harsh" and a reduced sentence warranted (Penal Law § 60.12 [1] [a], [b], [c]; CPL 440.47 [2] [e]).
Following a hearing, County Court denied defendant's application for resentencing, concluding that defendant failed to meet her burden of establishing prongs (a) and (b) of Penal Law § 60.12. County Court found [*2]defendant's testimony "incredible" and "self-serving" and the forensic psychological evaluation of defendant, which relied almost exclusively on defendant's self-reporting, of little value. The Appellate Division affirmed (229 AD3d 955 [3d Dept 2024]). After conducting its own review of the record, that Court agreed with County Court's assessment of defendant's testimony and the value of the forensic report (id. at 956-958). The Court found the evidence insufficient to establish defendant's burden as to the second and third prongs. Regarding prong three, the Court concluded that defendant's original sentence was not "unduly harsh," given the "chilling account" of the murder as described by the defendant, defendant's failure to accept responsibility for her actions, and her disciplinary history while incarcerated. Having determined that defendant failed to meet her burden as to the relevant factors, the Court held that resentencing under the DVSJA was not warranted (id. at 961).
The findings made by the Appellate Division are supported by the record and are otherwise beyond the scope of our review (see People v Brenda WW. — NY3d &mdash, — [2025] [decided today]).
Order affirmed, in a memorandum. Chief Judge Wilson and Judges Rivera, Garcia, Singas, Cannataro, Troutman and Halligan concur.
Decided June 17, 2025