People v Mimms (2025 NY Slip Op 03740)

People v Mimms

2025 NY Slip Op 03740

Decided on June 18, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 18, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
MARK C. DILLON
LINDA CHRISTOPHER
CARL J. LANDICINO, JJ.

2024-05454

[*1]The People of the State of New York, respondent,
v
Carl S. Mimms, appellant. (Ind. Nos. 349/17, 702/17)

Samuel Coe, White Plains, NY, for appellant.
David M. Hoovler, District Attorney, Goshen, NY (Andrew R. Kass of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the County Court, Orange County (Richard J. Guertin, J.), dated May 8, 2024, which, without a hearing, denied his motion pursuant to CPL 440.47 to vacate his sentences and to be resentenced in accordance with Penal Law § 60.12.
ORDERED that the order is affirmed.
On February 14, 2018, the defendant was convicted of assault in the second degree under Indictment No. 702/17 and criminal possession of a controlled substance in the third degree under Indictment No. 349/17, upon his pleas of guilty, and was sentenced to a determinate term of imprisonment of five years, to be followed by a period of postrelease supervision of five years on the conviction of assault in the second degree and a determinate term of imprisonment of five years, to be followed by a period of postrelease supervision of three years on the conviction of criminal possession of a controlled substance in the third degree, with the sentences to run consecutively to each other (see People v Mimms, 187 AD3d 1215). Subsequently, the defendant moved pursuant to CPL 440.47 to vacate his sentences and to be resentenced in accordance with Penal Law § 60.12. In an order dated May 8, 2024, the County Court, without a hearing, denied the motion on the ground that the defendant was ineligible to apply for resentencing pursuant to CPL 440.47. The defendant appeals.
In 2019, the Legislature enacted the Domestic Violence Survivors Justice Act (hereinafter DVSJA), which, among other things, amended Penal Law § 60.12 so as to "'permit[ ] courts to impose reduced alternative, less severe, sentences in certain cases involving defendants who are victims of domestic violence'" (People v Martinez, 234 AD3d 874, 875, quoting People v Burns, 207 AD3d 646, 648). CPL 440.47, enacted as part of the DVSJA, provides that "any person confined in an institution operated by the department of correction and community supervision serving a sentence with a minimum or determinate term of eight years or more for an offense committed prior to the effective date of this section and eligible for an alternative sentence pursuant to [Penal Law § 60.12] may, on or after such effective date, submit to the judge or justice who imposed the original sentence upon such person a request to apply for resentencing in accordance with" Penal Law § 60.12 (CPL 440.47[1][a] [emphasis added]).
Here, although none of the sentences that the defendant was serving for any of his individual offenses was for a term of imprisonment of eight years or more, the defendant contends that his sentences should have been considered in the aggregate for the purpose of determining whether he was eligible to apply for resentencing pursuant to CPL 440.47. Inasmuch as the statute uses the terms "sentence" and "offense" in the singular, the defendant's contention is without merit (see People v Shawn G.G., 225 AD3d 1246, 1247). Accordingly, the County Court properly determined that the defendant was ineligible to apply for resentencing pursuant to CPL 440.47.
LASALLE, P.J., DILLON, CHRISTOPHER and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court