People v Scott (2025 NY Slip Op 04920)

People v Scott

2025 NY Slip Op 04920

Decided on September 10, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 10, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
MARK C. DILLON
LINDA CHRISTOPHER
CARL J. LANDICINO, JJ.

2023-03996
 (Ind. No. 70007/15)

[*1]The People of the State of New York, respondent,
vCarla Scott, appellant.

John R. Lewis, Sleepy Hollow, NY, for appellant.
Susan Cacace, District Attorney, White Plains, NY (Shea Scanlon Lomma and William Milaccio of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the County Court, Westchester County (George E. Fufidio, J.), dated March 29, 2023, which, after a hearing, denied her motion pursuant to CPL 440.47 to vacate her sentence and to be resentenced in accordance with Penal Law § 60.12.
ORDERED that the order is affirmed.
After a jury trial, the defendant was convicted of manslaughter in the first degree and leaving the scene of an incident without reporting and was sentenced to a determinate term of imprisonment of 25 years plus 5 years of postrelease supervision on the conviction of manslaughter in the first degree and an indeterminate term of imprisonment of 3½ to 7 years on the conviction of leaving the scene of an incident without reporting, with the sentences imposed to run concurrently with each other. On appeal, this Court affirmed the judgment of conviction (see People v Scott, 165 AD3d 1178, 1179-1180). In 2021, the defendant moved pursuant to CPL 440.47 to vacate her sentence and to be resentenced in accordance with Penal Law § 60.12, which was amended by the Domestic Violence Survivors Justice Act (DVSJA) (L 2019, ch 31, § 1; L 2019, ch 55, part WW, § 1 [eff May 14, 2019]). In an order dated March 29, 2023, the County Court, after a hearing, denied the motion.
"The DVSJA permits courts to impose reduced alternative, less severe, sentences in certain cases involving defendants who are victims of domestic violence" (People v Burns, 207 AD3d 646, 648; see People v Addimando, 197 AD3d 106, 109). "Specifically, Penal Law § 60.12(1) provides that a sentencing court 'may instead impose' the alternate, reduced sentencing scheme where the defendant stands convicted of certain offenses, if the court concludes, 'upon a determination following a hearing,' that: (1) 'at the time of the instant offense, the defendant was a victim of domestic violence subjected to substantial physical, sexual or psychological abuse inflicted by a member of the same family or household as the defendant'; (2) 'such abuse was a significant contributing factor to the defendant's criminal behavior'; and (3) 'having regard for the nature and circumstances of the crime and the history, character and condition of the defendant, . . . a sentence of imprisonment pursuant to [Penal Law §§ 70.00, 70.02, 70.06, 70.71(2) or 70.71(3)] would be unduly harsh'" (People v Hudson, 232 AD3d 200, 204-205, quoting Penal Law § 60.12[1]). "'The preponderance of the evidence standard applies'" (People v Jennifer F., 235 AD3d [*2]776, 777, quoting People v Rivera, 230 AD3d 517, 519).
Here, the County Court determined, and the People do not challenge, that the defendant was a victim of domestic violence at the time of the underlying offense. However, the court correctly determined that the defendant's history of abuse was not "a significant contributing factor to the defendant's criminal behavior" (Penal Law § 60.12[1]). In light of the evidence that the defendant had several confrontations with the decedent in the weeks before the decedent's death and that the defendant was jealous of the decedent's relationship with the defendant's boyfriend, and the evidence that the defendant had a history of threatening and attacking women with whom the defendant shared romantic partners, the defendant failed to establish by a preponderance of the evidence that her history of abuse was a significant contributing factor to the decedent's death (see People v Rivera, 230 AD3d at 519). The expert on whom the defendant relies did not address that evidence. In light of that determination, we need not consider whether the sentence was unduly harsh under the circumstances (see e.g. People v Naqvi, 236 AD3d 927, 928; People v Rivera, 230 AD3d at 519).
Accordingly, the County Court correctly denied the defendant's motion pursuant to CPL 440.47 to vacate her sentence and to be resentenced in accordance with Penal Law § 60.12.
LASALLE, P.J., DILLON, CHRISTOPHER and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court