People v Mitchell (2026 NY Slip Op 00388)

People v Mitchell

2026 NY Slip Op 00388

Decided on January 28, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 28, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
LARA J. GENOVESI
LOURDES M. VENTURA
ELENA GOLDBERG VELAZQUEZ, JJ.

2023-08520
 (Ind. No. 72487/21)

[*1]The People of the State of New York, respondent,
vAlexcia Mitchell, appellant.

Patricia Pazner, New York, NY (Alexis A. Ascher of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Jean M. Joyce, and Shlomit Heering of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Jane Tully, J.), rendered September 11, 2023, convicting her of assault in the first degree, upon her plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was convicted, upon her plea of guilty, of assault in the first degree and sentenced to a determinate term of imprisonment of six years plus five years of postrelease supervision. In 2023, prior to the plea proceeding, the defendant sought alternative sentencing under Penal Law § 60.12, pursuant to the Domestic Violence Survivors Justice Act (DVSJA) (L 2019, ch 31, § 1; L 2019, ch 55, § 1, part WW, § 1 [eff May 14, 2019]). At sentencing, the Supreme Court, after a hearing, denied the application.
Initially, the People state that they "are electing not to rely on [the defendant's appeal waiver] to bar review" of the DVSJA determination. Thus, we review this determination on the merits (see People v Sutton, 184 AD3d 236, 244).
"The DVSJA permits courts to impose reduced alternative, less severe, sentences in certain cases involving defendants who are victims of domestic violence" (People v Burns, 207 AD3d 646, 648; see People v Addimando, 197 AD3d 106, 109). "Specifically, Penal Law § 60.12(1) provides that a sentencing court 'may instead impose' the alternate, reduced sentencing scheme where the defendant stands convicted of certain offenses, if the court concludes, 'upon a determination following a hearing,' that: (1) 'at the time of the instant offense, the defendant was a victim of domestic violence subjected to substantial physical, sexual or psychological abuse inflicted by a member of the same family or household as the defendant'; (2) 'such abuse was a significant contributing factor to the defendant's criminal behavior'; and (3) 'having regard for the nature and circumstances of the crime and the history, character and condition of the defendant, . . . a sentence of imprisonment pursuant to [Penal Law §§ 70.00, 70.02, 70.06, 70.71(2) or (3)] would be unduly harsh'" (People v Hudson, 232 AD3d 200, 204-205, quoting Penal Law § 60.12[1]). "'The preponderance of the evidence standard applies'" (People v Jennifer F., 235 AD3d 776, 777, quoting People v Rivera, 230 AD3d 517, 519).
Here, the Supreme Court properly determined that the defendant was a victim of domestic violence. The defendant's long-term domestic abuse manifested as post-traumatic stress disorder (hereinafter PTSD), and she was a victim at the time of the underlying offense (see People v Scott, 241 AD3d 1368; People v Brenda WW., 222 AD3d 1188, 1190, mod ___ NY3d ___, 2025 NY Slip Op 03643; cf. People v Martinez, 234 AD3d 874; People v Rivera, 230 AD3d 517). However, the court correctly determined that the defendant's history of abuse was not "a significant contributing factor to the defendant's criminal behavior" (Penal Law § 60.12[1]). In light of the evidence that the victim was a stranger to the defendant, the defendant was no longer in an abusive relationship and did not have any contact with her abuser on the date of the offense, and the immediate circumstances of the crime, the defendant failed to establish by a preponderance of the evidence that her history of abuse and PTSD was a significant contributing factor to the assault (see People v Scott, 241 AD3d 1368; People v Rivera, 230 AD3d at 519; cf. People v Liz L., 221 AD3d 1288, 1291; People v Burns, 207 AD3d at 647-649). In light of that determination, we need not consider whether the sentence was unduly harsh under the circumstances (see e.g. People v Naqvi, 236 AD3d 927, 928-929; People v Rivera, 230 AD3d at 519).
Accordingly, the Supreme Court did not err in denying the defendant's application.
The defendant's valid waiver of her right to appeal precludes appellate review of her contention that the sentence imposed was excessive (see People v Lopez, 6 NY3d 248; People v Lucky, 225 AD3d 713).
BARROS, J.P., GENOVESI, VENTURA and GOLDBERG VELAZQUEZ, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court