People v Molyneaux (2026 NY Slip Op 00912)

People v Molyneaux

2026 NY Slip Op 00912

Decided on February 18, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 18, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
WILLIAM G. FORD
CARL J. LANDICINO
SUSAN QUIRK, JJ.

2024-05274
 (Ind. No. 526/14)

[*1]The People of the State of New York, respondent,
vJennifer Molyneaux, appellant.

Warren S. Hecht, Forest Hills, NY, for appellant.
David M. Hoovler, District Attorney, Goshen, NY (Andrew R. Kass of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the County Court, Orange County (Craig Stephen Brown, J.), dated April 12, 2024, which, after a hearing, denied her motion pursuant to CPL 440.47 to vacate her sentence and to be resentenced in accordance with Penal Law § 60.12.
ORDERED that the order is affirmed.
On August 2, 2014, the defendant strangled and killed a victim during the commission of a robbery. The victim's house was then set on fire. Thereafter, the defendant pleaded guilty to murder in the second degree. She was sentenced to an indeterminate term of imprisonment of 19 years to life.
In 2020, the defendant moved pursuant to CPL 440.47 to vacate her sentence and to be resentenced in accordance with Penal Law § 60.12, which was amended by the Domestic Violence Survivors Justice Act (DVSJA) (L 2019, ch 31, § 1; L 2019, ch 55, § 1, part WW, § 1 [eff May 14, 2019]). Following a hearing, the County Court, in an order dated April 12, 2024, denied the motion.
"The DVSJA permits courts to impose reduced alternative, less severe, sentences in certain cases involving defendants who are victims of domestic violence" (People v Burns, 207 AD3d 646, 648; see People v Addimando, 197 AD3d 106, 109). "Specifically, Penal Law § 60.12(1) provides that a sentencing court 'may instead impose' the alternate, reduced sentencing scheme where the defendant stands convicted of certain offenses, if the court concludes, 'upon a determination following a hearing,' that: (1) 'at the time of the instant offense, the defendant was a victim of domestic violence subjected to substantial physical, sexual or psychological abuse inflicted by a member of the same family or household as the defendant'; (2) 'such abuse was a significant contributing factor to the defendant's criminal behavior'; and (3) 'having regard for the nature and circumstances of the crime and the history, character and condition of the defendant, . . . a sentence of imprisonment pursuant to [Penal Law §§ 70.00, 70.02, 70.06, 70.71(2) or (3)] would be unduly harsh'" (People v Hudson, 232 AD3d 200, 204-205, lv granted 42 NY3d 1080, quoting Penal Law § 60.12[1]). "'The preponderance of the evidence standard applies'" (People v Jennifer F., 235 AD3d 776, 777, quoting People v Rivera, 230 AD3d 517, 519).
Here, as the County Court held, the defendant's evidence at the hearing did not establish that, at the time of the offense, the defendant was a victim of domestic violence subjected to substantial physical, sexual, or psychological abuse at the hands of the defendant's accomplice (see People v Jennifer F., 235 AD3d at 777; People v Angela VV., 229 AD3d 955, 956-957, affd __ NY3d __, 2025 NY Slip Op 03644; cf. People v Addimando, 197 AD3d at 113 n, 115-116). Accordingly, the court did not err in denying the defendant's motion for resentencing.
In light of our determination, the defendant's remaining contentions need not be reached.
GENOVESI, J.P., FORD, LANDICINO and QUIRK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court