Matter of Dawson v Valme-Lundy
2026 NY Slip Op 03795
June 17, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Yulia Dawson, appellant,
v
Denise M. Valme-Lundy, etc., et al., respondents.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on June 17, 2026
2024-09102, (Index No. 511160/24)
Mark C. Dillon, J.P.
Angela G. Iannacci
Deborah A. Dowling
James P. McCormack, JJ.

Lawrence P. LaBrew, New York, NY, for appellant.
The Children's Law Center, Brooklyn, NY (Janet Neustaetter of counsel), respondent pro se.

[*1]
DECISION & ORDER
In a proceeding pursuant to CPLR article 78, in effect, in the nature of prohibition to prohibit Denise M. Valme-Lundy, a Court Attorney Referee in the Family Court, Kings County, from enforcing so much of an order dated March 11, 2024, made in related proceedings pursuant to Family Court Act article 6 entitled Matter of Dawson v Iskhakov, pending in that court under Docket Nos. V-6222-21, V-874-23, and V-1828-23/23A, as disqualified the petitioner's counsel, the petitioner appeals from a judgment of the Supreme Court, Kings County (Carolyn E. Wade, J.), dated September 4, 2024. The judgment, in effect, denied the petition and dismissed the proceeding.
ORDERED that the judgment is affirmed, with costs to the respondent The Children's Law Center.
In related child custody and visitation proceedings pursuant to Family Court Act article 6 pending in the Family Court, Kings County, under Docket Nos. V-6222-21, V-874-23, and V-1828-23/23A, the Family Court, in an order dated March 11, 2024, inter alia, disqualified counsel for the mother, who is the petitioner herein, on the ground that counsel engaged in ex parte communications with the child who is the subject of those Family Court proceedings. The petitioner thereafter commenced this proceeding pursuant to CPLR article 78, in effect, in the nature of prohibition to prohibit the enforcement of so much of the March 11, 2024 order as disqualified her counsel in the Family Court proceedings. In a judgment dated September 4, 2024, the Supreme Court, in effect, denied the petition and dismissed the proceeding. The petitioner appeals.
"A writ of prohibition is an extraordinary remedy available only where there is a clear legal right to such relief and only when a court (if a court is involved) acts or threatens to act without jurisdiction or, as relevant here, exceeds its authorized powers in a proceeding over which it has jurisdiction" (Matter of Hoovler v Vazquez-Doles, 237 AD3d 936, 937 [internal quotation marks omitted]; see CPLR 7803[2]; Matter of Holtzman v Goldman, 71 NY2d 564, 569). It is not available as a means "to correct a mere error of law, however egregious the error and however cleverly it may be characterized as an excess of jurisdiction or power" (Matter of Hoovler v Vazquez-Doles, 237 AD3d at 937; see Matter of Maria S. v Tully, 214 AD3d 988, 990).
Here, in the underlying custody and visitation proceedings over which the Family [*2]Court had subject matter jurisdiction, that court had the discretionary power to disqualify the petitioner's counsel (see Matter of Erlanger [Erlanger], 20 NY2d 778, 778), including in the event that the petitioner's counsel engaged in improper ex parte communications with the subject child (see Matter of Lopresti v David, 179 AD3d 1067, 1068; Matter of Madris v Oliviera, 97 AD3d 823, 825; Matter of Brian R., 48 AD3d 575, 575). Thus, the disqualification of the petitioner's counsel did not constitute an unlawful use or abuse of the Family Court proceedings (see Matter of Maria S. v Tully, 214 AD3d at 991). Rather, at most, the Family Court's determination that disqualification was warranted under the circumstances "would constitute an error in the [proceedings themselves] related to the proper purpose of the . . . proceeding[s]" (id. [internal quotation marks omitted]).
Accordingly, the remedy of prohibition does not lie, and, therefore, the Supreme Court properly, in effect, denied the petition and dismissed the proceeding.
DILLON, J.P., IANNACCI, DOWLING and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court